IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Matthew Smith, pka Matt Heart, | ) | Case No. 3:11-cv-00348 |
| Plaintiff, | ) | Judge James G. Carr |
| v. | ) | **PLAINTIFF'S ANSWER TO AMENDED COUNTERCLAIM** |
| Summit Entertainment, LLC, | ) | |
| Defendant. | ) | |

\* \* \*

Now comes the Plaintiff, Matthew Smith, pka Matt Heart, by and through his attorneys, Anspach Meeks Ellenberger LLP and for his Answer to the Defendant's Amended Counterclaim (hereinafter referred to as "Counterclaim") states the following:

**JURISDICTION AND VENUE**

1. This paragraph calls for a legal conclusion and Plaintiff can neither admit nor deny the allegations and averments contained in paragraph 1 of Defendant's Counterclaim.

2. Plaintiff admits the allegations contained in paragraph 2 of Defendant's Counterclaim.

**PARTIES**

3. Plaintiff can neither admit nor deny the allegations and averments contained in paragraph 3 of Defendant's Counterclaim and, therefore, denies the same.

4. Plaintiff admits the allegations and averments contained in paragraph 4 of Defendant's Counterclaim except he lives in Lucas County, Ohio.

5. Plaintiff can neither admit nor deny in the manner and/or alleged because these allegations do not apply to Plaintiff.

**FACTS**

6. Plaintiff can neither admit nor deny the allegations and averments contained in paragraph 6 of Defendant's Counterclaim and, therefore, denies the same.

7. Plaintiff can neither admit nor deny the allegations and averments contained in paragraph 7 of Defendant's Counterclaim and, therefore, denies the same.

8. Plaintiff can neither admit nor deny the allegations and averments contained in paragraph 8 of Defendant's Counterclaim and, therefore, denies the same.

9. Plaintiff can neither admit nor deny the allegations and averments contained in paragraph 9 of Defendant's Counterclaim and, therefore, denies the same.

10. Plaintiff denies the allegations and averments contained in paragraph 10 of Defendant's Counterclaim.

11. Plaintiff can neither admit nor deny the allegations and averments contained in paragraph 11 of Defendant's Counterclaim and, therefore, denies the same.

12. Plaintiff can neither admit nor deny the allegations and averments contained in paragraph 12 of Defendant's Counterclaim and, therefore, denies the same.

13. Plaintiff can neither admit nor deny the allegations and averments contained in paragraph 13 of Defendant's Counterclaim and, therefore, denies the same.

14. Plaintiff admits the allegations and averments contained in paragraph 14 of Defendant's Counterclaim.

15. Plaintiff denies the allegations and averments contained in paragraph 15 of Defendant's Counterclaim.

16. Plaintiff neither admits nor denies the allegations and averments contained in paragraph 16 of Defendant's Counterclaim because the statute speaks for itself.

17. Plaintiff denies the allegations and averments contained in paragraph 17 of Defendant's Counterclaim.

18. Plaintiff denies the allegations and averments contained in paragraph 18 of Defendant's Counterclaim.

19. Plaintiff denies the allegations and averments contained in paragraph 19 of Defendant's Counterclaim.

20. Plaintiff denies the allegations and averments contained in paragraph 20 of Defendant's Counterclaim.

21. Plaintiff can neither admit nor deny the allegations in the manner and form alleged in paragraph 21 of Defendant's Counterclaim, but leaves Defendant to its strict proof thereof.

22. Plaintiff denies the allegations and averments contained in paragraph 22 of Defendant's Counterclaim.

23. Plaintiff denies the allegations and averments contained in paragraph 23 of Defendant's Counterclaim.

24. Plaintiff denies the allegations and averments contained in paragraph 24 of Defendant's Counterclaim.

25. Plaintiff denies the allegations and averments contained in paragraph 25 of Defendant's Counterclaim.

26. Plaintiff denies the allegations and averments contained in paragraph 26 of Defendant's Counterclaim.

## COUNT ONE
### (False Designation of Origin – 15 U.S.C. § 1125(a))

27. Plaintiff hereby reincorporates his responses to paragraphs 1 through 26 of Defendant's Counterclaim.

28. Plaintiff denies the allegations and averments contained in paragraph 28 of Defendant's Counterclaim.

29. Plaintiff denies the allegations and averments contained in paragraph 29 of Defendant's Counterclaim.

30. Plaintiff denies the allegations and averments contained in paragraph 30 of Defendant's Counterclaim.

31. Plaintiff denies the allegations and averments contained in paragraph 31 of Defendant's Counterclaim.

32. Plaintiff denies the allegations and averments contained in paragraph 32 of Defendant's Counterclaim.

33. Plaintiff denies the allegations and averments contained in paragraph 33 of Defendant's Counterclaim.

34. Plaintiff denies the allegations and averments contained in paragraph 34 of Defendant's Counterclaim.

## COUNT TWO
### (Trademark Infringement – 15 U.S.C. § 1145(a))

35. Plaintiff hereby reincorporates his responses to paragraphs 1 through 34 of Defendant's Counterclaim.

36. Plaintiff denies the allegations and averments contained in paragraph 36 of Defendant's Counterclaim.

37. Plaintiff denies the allegations and averments contained in paragraph 37 of Defendant's Counterclaim.

38. Plaintiff denies the allegations and averments contained in paragraph 38 of Defendant's Counterclaim.

39. Plaintiff denies the allegations and averments contained in paragraph 39 of Defendant's Counterclaim.

40. Plaintiff denies the allegations and averments contained in paragraph 40 of Defendant's Counterclaim.

41. Plaintiff denies the allegations and averments contained in paragraph 41 of Defendant's Counterclaim.

**COUNT THREE**
**(Dilution -- 15 U.S.C. § 1125(c) and Common Law)**

42. Plaintiff hereby reincorporates his responses to paragraphs 1 through 41 of Defendant's Counterclaim.

43. Plaintiff denies the allegations and averments contained in paragraph 43 of Defendant's Counterclaim.

44. Plaintiff denies the allegations and averments contained in paragraph 44 of Defendant's Counterclaim.

45. Plaintiff denies the allegations and averments contained in paragraph 45 of Defendant's Counterclaim.

46. Plaintiff denies the allegations and averments contained in paragraph 46 of Defendant's Counterclaim.

47. Plaintiff denies the allegations and averments contained in paragraph 47 of Defendant's Counterclaim.

48. Plaintiff denies the allegations and averments contained in paragraph 48 of Defendant's Counterclaim.

49. Plaintiff denies the allegations and averments contained in paragraph 49 of Defendant's Counterclaim.

## COUNT FOUR
### (Ohio Deceptive Trade Practices Act, RC § 4165.01 et seq.)

50. Plaintiff hereby reincorporates his responses to paragraphs 1 through 49 of Defendant's Counterclaim.

51. Plaintiff denies the allegations and averments contained in paragraph 51 of Defendant's Counterclaim.

52. Plaintiff denies the allegations and averments contained in paragraph 52 of Defendant's Counterclaim.

53. Plaintiff denies the allegations and averments contained in paragraph 53 of Defendant's Counterclaim.

54. Plaintiff denies the allegations and averments contained in paragraph 54 of Defendant's Counterclaim.

55. Plaintiff denies the allegations and averments contained in paragraph 55 of Defendant's Counterclaim.

56. Plaintiff denies the allegations and averments contained in paragraph 56 of Defendant's Counterclaim.

## COUNT FIVE
### (Common Law Unfair Competition)

57. Plaintiff hereby reincorporates his responses to paragraphs 1 through 56 of Defendant's Counterclaim.

58. Plaintiff denies the allegations and averments contained in paragraph 58 of Defendant's Counterclaim.

59. Plaintiff denies the allegations and averments contained in paragraph 59 of Defendant's Counterclaim.

60. Plaintiff denies the allegations and averments contained in paragraph 60 of Defendant's Counterclaim.

61. Plaintiff denies the allegations and averments contained in paragraph 61 of Defendant's Counterclaim.

62. Plaintiff denies the allegations and averments contained in paragraph 62 of Defendant's Counterclaim.

63. Plaintiff denies the allegations and averments contained in paragraph 63 of Defendant's Counterclaim.

64. Denies each and every averment of Defendant's Counterclaim which has not hereinabove been specifically and expressly admitted to be true; denies that Defendant is entitled to any relief from or judgment against Plaintiff; and, further, answering, avers that

## SECOND DEFENSE

65. Plaintiff paid for the right/license to use the font on his cover from Alec Chase Design.

## THIRD DEFENSE

66. Any claim of violation concerning the font by Defendant should be against Alec Chase Design.

## FOURTH DEFENSE

67. Defendant admits that font used by Plaintiff is not the exact same font.

## FIFTH DEFENSE

68. Defendant's actions would fall under the Fair Use doctrine.

## SIXTH DEFENSE

69. Defendant failed to mitigate its damages.

## SEVENTH DEFENSE

70. This Counterclaim failed to state a claim.

## EIGHTH DEFENSE

71. This Counterclaim is a frivolous lawsuit.

## NINTH DEFENSE

72. Zephyr is font used – registered and copyrighted in 2001.

## TENTH DEFENSE

73. Defendant failed to follow the procedure of sending a cease and desist letter to Plaintiff as required under trademark law.

## ELEVENTH DEFENSE

74. Plaintiff incorporates its allegations of its Complaint as a defense.

## TWELFTH DEFENSE

75. Defendant's action violated copyright law and/or 17 USC § 527.

8

**THIRTEENTH DEFENSE**

76.    Defendant is sophisticated user/client regarding copyright law and/or trademark issues.

**FOURTEENTH DEFENSE**

77.    This Counterclaim continues the harassment of Plaintiff.

**FIFTEENTH DEFENSE**

78.    Defendant did not follow the trademark policies of ISP' and/or YouTube.

**SIXTEENTH DEFENSE**

79.    Summit has limited right of enforcement.

**SEVENTEENTH DEFENSE**

80.    Defendant doesn't own the font as alleged in the Counterclaim.

**EIGHTEENTH DEFENSE**

81.    Defendant's Counterclaim violates Plaintiff's First Amendment rights.

**NINETEENTH DEFENSE**

82.    Defendant's alleged mark is not a famous mark.

**TWENTIETH DEFENSE**

83.    Defendant failed to attach documents as required under Civ.R. 10.

**TWENTY-FIRST DEFENSE**

84.    Plaintiff reserves the right to add to his Answer and to rely on all affirmative defenses that may hereafter be disclosed through discovery.

**WHEREFORE**, Plaintiff hereby requests that Defendant's Counterclaim be dismissed and that Plaintiff recover his costs herein expended, including attorneys' fees and other expenses of this action.

Respectfully submitted,

ANSPACH MEEKS ELLENBERGER LLP

/s/Kent D. Riesen
Kent D. Riesen (0041401)
300 Madison Ave., Suite 1600
Toledo, OH 43604-2633
(419) 246-5757
(419) 321-6979 (fax)
kriesen@anspachlaw.com

Attorneys for Plaintiff, Matthew Smith

10

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Respectfully submitted,

    ANSPACH MEEKS ELLENBERGER LLP

    /s/Kent D. Riesen
    Kent D. Riesen (0041401)
    300 Madison Ave., Suite 1600
    Toledo, OH  43604-2633
    (419) 246-5757
    kriesen@anspachlaw.com

    Attorneys for Plaintiff
    Matthew Smith