IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Matthew Smith, pka Matt Heart, | ) | Case No. 3:11-CV-00348 |
| Plaintiff, | ) | Judge James G. Carr |
| v. | ) | **STIPULATED PROTECTIVE ORDER** |
| Summit Entertainment, LLC, | ) | |
| Defendant. | ) | |

The parties to this Stipulated Protective Order, Plaintiff and Counterclaim Defendant Matthew Smith, pka Matt Heart ("Plaintiff") and Defendant and Counterclaimant Summit Entertainment, LLC ("Summit") (collectively, the "Parties") have agreed to the terms of this Stipulated Protective Order; accordingly, it is ORDERED:

The Parties to this action have moved that the Court enter a protective order.1 The Parties believe that a protective order restricting the use and dissemination of confidential, proprietary, and competitively sensitive information and documents is necessary and appropriate to facilitate discovery and litigation in this action. As an example, disclosure of Summit's licensing and royalty information without a protective order would put Summit at a disadvantage because all of its current and potential licensees would know Summit's licensing structure for the various licenses entered for

---

1 On March 30, 2012, the Parties submitted a proposed Stipulated Protective Order for the Court's review. (Docket No. 51.) The Parties respectfully request that the Court approve this Stipulated Protective Order, which is intended to better address a third-party's rights, in lieu of the version that was previously filed.

the *Twilight* Motion Pictures property. In addition, Summit maintains its financial records as confidential and does not disclose such information publicly.

The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the Parties, the public, and the Court. Accordingly, it is ORDERED:

**1.     Scope.** Documents produced in the course of discovery both by the Parties and by any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action (a "Non-Party") are subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Stipulated Protective Order concerning "Confidential" information or "Highly Confidential – Attorneys' Eyes Only" information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Stipulated Protective Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Stipulated Protective Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.     Form and Timing of Designation.** A party or Non-Party may designate documents as confidential and restricted in disclosure under this Stipulated Protective Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility of the document. Documents shall be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Stipulated Protective Order.

3. **Documents Which May be Designated "CONFIDENTIAL."** Any party or Non-Party may designate documents as "CONFIDENTIAL" upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal or business information, medical or psychiatric information, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as "CONFIDENTIAL."

4. **Documents Which May be Designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."** Any party or Non-Party may designate documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as highly confidential personal or business information, trade secrets, personnel records, documents reflecting highly confidential marketing plans or strategies, business plans, strategic plans, license agreements or negotiations, royalty information, general financial information or projections, or such other highly sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5. **Depositions.** Deposition testimony shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if designated as such. Such designation shall be specific as to the transcript, portions of the transcript, and/or any exhibit to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Thereafter, the deposition transcripts and any of those portions so designated shall be protected as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the

terms of this Stipulated Protective Order. Any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation at a deposition shall be placed in a separate transcript that is sequentially numbered with the non-confidential transcript. When it is impractical to identify separately each portion of testimony that is entitled to protection, the party or Non-Party designating such testimony "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of testimony as to which protection is sought and to specify the level of protection being asserted. Only those provisions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

**6.     Protection of Confidential Material.**

**(a) General Protections.** Documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Stipulated Protective Order shall not be used or disclosed for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof. Such information may not be disclosed to anyone except as provided in this Stipulated Protective Order.

**(b) Limited Third-Party Disclosures of "CONFIDENTIAL" Information.** The Parties, Non-Parties, and counsel for the Parties and Non-Parties shall not disclose or permit the disclosure of any "CONFIDENTIAL" documents to any third person or entity except as set forth in the following subparagraphs (1)-(6):

**(1) Counsel.** Counsel for the Parties and in-house counsel (collectively, "Counsel"), and employees and agents of Counsel who have responsibility for the preparation and trial of the action and who need

access to such information on a need to know basis;

**(2) Parties.** Parties and employees of a party to this Stipulated Protective Order, provided they have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4) Consultants, Investigators and Experts.** Independent consultants, investigators, or experts (hereinafter referred to collectively as "Experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding (a) to whom disclosure is reasonably necessary for this action, (b) whom the receiving party discloses to the disclosing party seven days prior to disclosure to such expert(s), and(c) who have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(5) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(6) Non-Parties.** Any Non-Party and/or counsel of a Non-Party so long as (a) that Non-Party was the producing party, (b) the producing party consents to such disclosure to the Non-Party, or (c) upon order of the Court and on such conditions as may be agreed or ordered. All such Non-Parties shall execute the certification

contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)  Limited Third-Party Disclosures of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information.**  The Parties, Non-Parties and counsel for the Parties and Non-Parties shall not disclose or permit the disclosure of any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents to any third person or entity except as set forth in the following subparagraphs (1)-(5):

**(1)  Counsel.**  Counsel for the Parties and in-house counsel (collectively, "Counsel"), and employees and agents of Counsel who have responsibility for the preparation and trial of the action and who need access to such information on a need to know basis;

**(2)  Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

**(3)  Consultants, Investigators and Experts.** Independent consultants, investigators, or experts (hereinafter referred to collectively as "Experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding (a) to whom disclosure is reasonably necessary for this action, (b) whom the receiving party discloses to the disclosing party seven days prior to disclosure to such expert(s), and(c) who have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(4)  Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed

or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(5) Counsel for Any Non-Party.** Any counsel of a Non-Party so long as (a) that Non-Party was the producing party, (b) the producing party consents to such disclosure to the counsel for the Non-Party, or (c) upon order of the Court and on such conditions as may be agreed or ordered.

Notwithstanding the provisions of ¶ 6(c), specifically identified information, documents, testimony, or other confidential materials marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to principals or management of the receiving party (other than Non-Parties), to whom disclosure is reasonably necessary for this litigation, on a need to know basis. Written notice of intention to provide such information or documents to principals or management of the receiving party shall be provided to counsel for the producing party by facsimile or email seven days before the intended disclosure and shall specify the identity of the individual(s) to whom the intended disclosure will be made, along with the reasons why such disclosure is necessary. Such written notice need only disclose why such disclosure is necessary in general terms and need not specifically identify which documents the disclosing party intends to disclose. Also, such written notice does not constitute and should not be construed as a partial or complete waiver of the attorney-client privilege or the work product doctrine. If there is a written objection within the seven-day period and the objection is not resolved between counsel, the party seeking disclosure shall not disclose the information or documents. Upon notice to the party seeking disclosure within the seven-day period, the party objecting

to disclosure shall have the right to bring the dispute before the Court for resolution within seven days of giving such notice. Failure to bring the dispute before the Court within this time period shall be construed as a withdrawal of any objection to the disclosure. The parties shall not unreasonably object to the disclosure of information and documents marked "Outside Counsel Only" to principals or general counsel of the receiving party. The party objecting to the disclosure shall have the burden of showing why the information or documents should not be disclosed to requested persons. The parties recognize that the disclosure of such confidential material to the principals or general counsel of the parties may be critical to the ability to proceed in this case and analyze and participate in settlement discussions.

**(d) Independent Consultants, Investigators and Experts.** For purposes of this Stipulated Protective Order, an expert shall not be deemed to be "independent" if s/he is (a) a party to this litigation, or an officer, shareholder, owner, manager, partner, director, employee, former employee or contractor, or relative of a party to this litigation, or a party's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate; (b) an officer, shareholder, owner, manager, partner, distributor, seller, advertiser, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a direct competitor to a party to this litigation, or the competitor's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate; or (c) a Non-Party that has produced or received documents, information or communications in this litigation.

**(e) Prior Disclosure of Independent Consultants, Investigators and Experts.** Written notice of intention to provide information or documents to experts pursuant to ¶ 6(b)(4) and ¶ 6(b)(3) shall be provided to counsel for the producing party by email seven

days before the intended disclosure and shall specify the identity of the individual(s) to whom the intended disclosure will be made, and that person's occupation and employer. If there is a written objection within the seven-day period and the objection is not resolved between counsel, the party seeking disclosure shall not disclose the information or documents, but shall have the right to bring the dispute before the Court for resolution. The party objecting to the disclosure shall have the burden of showing why the information or documents should not be disclosed to the identified expert. The Parties further agree that an expert whose identity is disclosed pursuant to this paragraph cannot be deposed regarding any subject related to this litigation, unless the expert has been designated as a testifying expert by the retaining party, and then in a manner consistent with the Federal Rules of Civil Procedure governing expert discovery.

**(f) Control of Documents.** Counsel for the Parties and Non-Parties shall make best efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Stipulated Protective Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Stipulated Protective Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(g) Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Stipulated Protective Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Stipulated Protective Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(h) Inadvertent Production.** If, in connection with this action, a producing party inadvertently discloses information subject to a claim of attorney-client privilege, work product immunity, or any other protection provided under the law ("Inadvertently Disclosed Privileged Information"), the disclosure of the Inadvertently Disclosed Privileged Information will not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product immunity, or any other protection that the producing party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Privileged Information and its subject matter. If a claim of inadvertent disclosure is made by a producing party with respect to Inadvertently Disclosed Privileged Information, the receiving party: (a) will, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Privileged Information and certify that all such Inadvertently Disclosed Privileged Information has been returned or destroyed; and (b) must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified by the producing party.

**7.** **Filing of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Documents Under Seal.** To the extent that a brief, memorandum or pleading references any document marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", then the brief, memorandum or pleading shall refer the Court to the

particular exhibit filed under seal without disclosing the contents of any confidential information

**(a)**   Before any document marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is filed under seal with the Clerk, the filing party or Non-Party shall first consult with the party or Non-Party that originally designated the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to determine whether, with the consent of that party or Non-Party, the document or a redacted version of the document may be filed with the Court not under seal.

**(b)**   Where agreement is not possible or adequate, before a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", as appropriate, displaying the case name, docket number, a designation of what the document is, the name of the party or Non-Party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

**(c)**   To the extent that it is necessary for a party or Non-Party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

**(d)** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the Parties or Non-Party shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

8. **Challenges to Designation as Confidential.** Any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is subject to challenge by any party or Non-Party with standing to object   Before filing any motions or objections to a confidentiality designation with the Court, the objecting party or Non-Party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.  To this end, the challenging party or Non-Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The Parties or Non-Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within ten (10) days of the date of service of notice. In conferring, the challenging party or Non-Party must explain the basis for its or his belief that the confidentiality designation was not proper and must give the designating party or Non-Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party or Non-Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party or Non-Party is unwilling to participate in the meet and confer process in a timely manner.

9. **Action by the Court.** Applications to the Court for an order relating to any documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be by motion under Local Rule 7.1 and any other procedures set forth in the

presiding judge's standing orders or other relevant orders.  Nothing in this Stipulated Protective Order or any action or agreement of a party under this Stipulated Protective Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.**  All trials are open to the public.  Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial.  If a party intends to present at trial "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents or information.  Such identification may be made by inclusion of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents in an exhibit list.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.**  Unless otherwise agreed or ordered, this Stipulated Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Documents.**  Within thirty (30) days after dismissal or entry of final

judgment not subject to further appeal, all documents treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Stipulated Protective Order, including copies as defined in ¶ 6(g), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties or Non-Party agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.  This work product shall continue to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Stipulated Protective Order.

**(c) Return of Documents Filed under Seal.**  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the Parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**12.    Order Subject to Modification.**  This Stipulated Protective Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Stipulated Protective Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**13.** **No Prior Judicial Determination.** This Stipulated Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel or the Parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**14.** **Persons Bound.** This Stipulated Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, all Non-Parties, and persons made subject to this Stipulated Protective Order by its terms.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The foregoing request is **APPROVED/DENIED,** and it is so **ORDERED.**

| 5/18/2012 | s/ James G. Carr |
|---|---|
| Date | JUDGE JAMES G. CARR |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Delete signature blocks if not wholly by consent]**

| | |
|---|---|
| **WE SO MOVE/STIPULATE** <br> **and agree to abide by the terms** <br> **of this Stipulated Protective Order** | **WE SO MOVE/STIPULATE** <br> **and agree to abide by the terms** <br> **of this Stipulated Protective Order** |
| Kent D. Riesen <br> Signature | Jill M. Pietrini <br> Signature |
| Counsel for: Plaintiff | Counsel for: Defendant |
| Dated: March 30, 2012 | Dated: March 30, 2012 |
| | Janine T. Avila <br> Signature |
| | Counsel for: Defendant |
| | Dated: March 30, 2012 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Matthew Smith, pka Matt Heart, | ) | Case No. 3:11-CV-00348 |
| Plaintiff, | ) | Judge James G. Carr |
| v. | ) | |
| Summit Entertainment, LLC, | ) | |
| Defendant. | ) | |

**ACKNOWLEDGMENT
AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the Stipulated Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____ `   _____
                                      Signature

W02-WEST:1RYH1\404957958.1